dent?" "State to the jury whether there was anything you did not do that might have been done upon that occasion to prevent this accident?" "Up to that time tell the jury whether or not you knew that Mrs. Hatcher did not intend to remain on that car?" Objections were made to these questions and sustained by the court. The questions involved the very matter to be passed on by the jury and also called for the conclusion of the witness. The objections were properly sustained.

It is argued that the court erred in giving certain instructions for appellee and in refusing certain instructions offered by appellant. We have examined the instructions complained of and find no reversible error in either the giving or refusing of instructions. The jury were fully instructed as to the law of the case. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

---

### Jennette Cox, Infant, Appellee, v. St. Louis, Springfield & Peoria Railroad, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

#### Statement of the Case.

Action by Jennette Cox, an infant, against the St. Louis, Springfield & Peoria Railroad to recover damages for injuries sustained by plaintiff, a child, seventeen months old. From a judgment for plaintiff for nine hundred dollars, defendant appeals.

Plaintiff had strayed near defendant's railroad tracks and was struck by one of defendant's interurban cars, which was running at a higher rate of speed than was permitted by the ordinance of the city, and which crushed her skull to such an extent that it was necessary to remove a portion of it. The child recovered entirely from the accident.

JOHN B. HARDAWAY and RINAKER & RINAKER, for appellant.

H. H. WILLOUGHBY and PEEBLES & PEEBLES, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 461*—*when evidence shows that accident took place within a city.* Evidence which establishes the fact that a child was injured by a train at the intersection of two streets in a certain city, the place alleged in the declaration as the place of the injury, and as being within the corporate limits of the city, is sufficient to establish the fact that the place where the accident occurred was within the corporate limits of the city.

2. MUNICIPAL CORPORATIONS, § 105*—*when ordinance admissible.* An ordinance of a city regulating the speed of electric railroad cars within the corporate limits, which is printed in book form and purports to be published by authority of the city council of a city, is admissible in evidence in action by an infant against a street railroad company to recover damages for injuries sustained as a result of the negligence of the company in running its cars at a higher rate of speed than was authorized by such ordinance.

3. DAMAGES, § 134*—*when verdict not excessive.* A verdict and judgment for nine hundred dollars, in an action by an infant seventeen months old against a street car company to recover damages for injuries sustained as a result of the negligence of the company, is not excessive where the infant's skull was crushed to such an extent that it was necessary to remove a portion of it, the infant later completely recovering from the injury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.